# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

-------------------------------------------X
**UNITED STATES OF AMERICA,**

   v.

**STEVEN STAMBAUGH,**

   **Defendant.**

-------------------------------------------X

**Criminal No. 24-cr-00275-MEM**

(Judge Mannion)

(ECF)

## PRETRIAL MOTION TO DISMISS INDICTMENT OR, IN THE ALTERNATIVE, FOR APPROPRIATE PRETRIAL REMEDIES DUE TO *BRADY* VIOLATIONS

AND NOW comes the Defendant, Judge Steven Stambaugh, by and through his undersigned counsel, and respectfully moves this Honorable Court to dismiss the indictment against him or, in the alternative, to grant appropriate pretrial remedies, averring as follows:

1.  On October 8, 2024, after three separate Grand Jury presentations, Judge Steven Stambaugh was charged in an Indictment alleging that he had between March 19, 2020, and May 18, 2020, engaged in twenty-six counts of Wire Fraud, two counts of Mail Fraud; two additional counts of Witness Tampering alleged to have taken place in or about April of 2021; and a final count of Obstruction of Justice alleged to have taken place between March 30, 2021, and November 15, 2022. The Wire Fraud and Mail Fraud counts were based upon a purported scheme to defraud

1

the State of Pennsylvania by utilizing unemployment funds to cover some of his office payroll while he was in private practice; the remaining counts are all centered on a single witness, "Employee #4", with whom Judge Stambaugh had allegedly tampered. (ECF No. 1)

2. On October 23, 2024, Hon. Susan E. Schwab issued a Rule 5 Order directing the prosecution to produce "material evidence in its possession, custody, or control favorable to the accused, which includes both exculpatory evidence and information which may impeach government witnesses when that evidence is material either to guilt or to punishment." (ECF No. 9). The Order reminded the prosecution that failure to timely produce such material in a timely manner could lead to exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or other sanctions (ECF No. 9).

3. Pretrial motions are due in this matter by or before June 2, 2025, and jury selection is scheduled to begin on August 26, 2025 (ECF No. 39-40).

4. Between November 7, 2024, and May 23, 2025, the prosecution has provided five separate document productions to the defense, purportedly containing all of the material to which the defense is entitled pretrial. One of the most recent of these productions, made on May 12, 2025, contained the York County Court Administration employment file which essentially eviscerates the testimony of "Employee #4" in key respects, thereby casting significant doubt upon the viability

2

of the Tampering and Obstruction Counts. The prosecution appears to have had this information in its possession, without timely disclosure to the defense, since December of 2024; it was disclosed only following direct requests for its disclosure by the defense.

5. At least two exculpatory items can be identified as remaining in the possession of the prosecution but have not yet been turned over. The September 2024 Grand Jury testimony of Aaron McKivigan describes a 302 recording an interview with "Employee #4" in which she retracted all or most of her claims regarding Judge Stambaugh on May 19 (the year is unclear but from the context it appears to be 2021) (McKivigan: p. 46-48). This 302 has never been disclosed despite its obviously exculpatory nature. Similarly, "A.K." engaged in a series of emails and at least one telephone discussion with the investigating agent in April of 2023, debunking an element of the prosecution's then-operative theory and contradicting one of "Employee #4"'s claims. Nothing regarding those exchanges has been turned over.

6. As a result of what appears to be the willful and deliberate withholding of additional *known* exculpatory material from the defense in blatant violation of their prosecutorial obligations, Judge Stambaugh respectfully requests that this Honorable Court sanction the prosecution with dismissal or, in the event that this Court is not inclined to grant dismissal pretrial, with an alternative sanction and with an Order directing immediate disclosure.

7. The federal courts possess a "supervisory power" distinct from any other powers granted by the Constitution, statute, or federal rules of procedure. The Supreme Court has noted that the purpose of the supervisory power is to: (1) implement a remedy for violation of recognized rights; (2) preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury; and (3) deter illegal conduct. *United States v. Hasting,* 461 U.S. 499, 505 (1983).

8. Dismissal pursuant to a court's supervisory power may be appropriate on the basis of, among other things, governmental misconduct or a violation of *Brady v. Maryland*. *See Virgin Islands v. Fahie,* 419 F.3d 249, 254-55 (3d Cir. 2005) (dismissal for a *Brady* violation may be appropriate in cases of deliberate misconduct); *United States v. Santana,* 6 F.3d 1, 11 (1st Cir. 1993); *United States v. Darui,* 614 F. Supp. 2d 25, 39 (D. D.C. 2009); *United States v. Kabinto,* 2009 U.S. Dist. LEXIS 66610, at *3 (D. Ariz. 2009) (citing *United States v. Fernandez,* 388 F.3d 1199, 1238-39 (9th Cir. 2004); *United States v. Kearns,* 5 F.3d 1251, 1253 (9th Cir. 1993); *United States v. McLaughlin,* 910 F. Supp. 1054, 1057 (E.D. Pa. 1995) (citing *United States v. Isgro,* 974 F.2d 1091, 1097 [9th Cir. 1992]).

9. Under *Brady v. Maryland*, the prosecution is required to disclose evidence favorable to the accused that is material to guilt or punishment. The prosecution must disclose evidence in its actual *or constructive* possession.

4

Constructive possession has been defined by the Third Circuit to mean that although a prosecutor has no actual knowledge, he should nevertheless have known that the material at issue was in existence, even if developed in another case. *United States v. Joseph*, 996 F.2d 36, 39 (3d Cir. 1993).

10.  The Third Circuit further applies a three-part test to determine a *Brady* violation: (1) evidence was suppressed by the prosecution, either willfully or inadvertently; (2) the evidence was favorable to the accused, either because it was exculpatory or had impeachment value; and (3) the withheld evidence was material. *United States v. Risha*, 445 F.3d 298, 303 (3d Cir. 2006). While dismissal for a *Brady* violation ordinarily requires a showing of both willful suppression and prejudice, if the violation resulted from a "reckless disregard for a defendant's constitutional rights" that recklessness may constitute willful misconduct. *United States v. Lashley*, 524 Fed. Appx. 843, 846 (3d Cir. 2013) (citing *Virgin Islands*, 419 F.3d at 256).

11.  The defense respectfully contends that the withheld evidence here meets the three-part test to constitute a *Brady* violation, as set forth in further detail in the accompanying Brief in Support, and that appropriate sanctions should ensue.

12.  Because the violation here is one of withholding discoverable material, Judge Stambaugh further respectfully requests leave to file further motions if appropriate based upon material that has not yet been disclosed.

5

WHEREFORE, the Defendant, Steven Stambaugh, respectfully requests that this Honorable Court dismiss the charges pending against him or, in the alternative, grant sanctions against the prosecution and Order the immediate disclosure of all additional exculpatory evidence in the prosecution's actual or constructive possession.

Respectfully submitted,

June 2, 2025           By:      /s/ Maryam N. Hadden
                                Maryam N. Hadden, Esq., *pro hac vice*
                                Timothy C. Parlatore, Esq., *pro hac vice*
                                PARLATORE LAW GROUP, LLP
                                260 Madison Avenue, 17th Floor
                                New York, NY 10016
                                (212)603-9918

                                Jerry J. Russo, Esquire
                                PA Attorney I.D. #55717
                                300 Corporate Center Drive, Ste. 200
                                Camp Hill, PA 17011
                                (717) 234-4121

                                Heidi R. Freese, Esquire
                                PA Attorney I.D. #87 668
                                300 Corporate Center Drive, Ste. 200
                                Camp Hill, PA 17011
                                (717) 234-4121

                                *Attorneys for Steven Stambaugh*

## CERTIFICATE OF CONCURRENCE/NON-CONCURRENCE

I hereby certify that on June 2, 2025, I contacted or attempted to contact JOSEPH TERZ, Esquire, the ASSISTANT UNITED STATES ATTORNEY assigned to this case and sought concurrence in Defendant's Motion to Dismiss or for Sanctions in the above captioned case.

Concurrence or non-concurrence could not be obtained because opposing counsel was unavailable. Additional attempts will be made to obtain concurrence or non-concurrence and a further certificate will be filed with the Court as soon as possible. Opposing counsel is requested to call the undersigned upon receipt of this motion to advise of his position regarding concurrence or non-concurrence of this motion.

Respectfully submitted,

Date:  June 2, 2025

*/s/ Maryam N. Hadden*
Maryam N. Hadden, Esquire
*Pro Hac Vice*
*Attorney for Defendant, Steven Stambaugh*

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the foregoing Motion to Dismiss or, in the Alternative, for Appropriate Pretrial Remedies Due to *Brady* Violations upon the person(s) and in the manner indicated below.

Service via ECF electronic filing:

    Assistant United States Attorney Joseph J. Terz
    Office of the United States Attorney
    Sylvia H. Rambo United States Courthouse
    1501 N. 6th Street, Box 202
    Harrisburg, PA 17102


Date: June 2, 2025                         */s/ Maryam N. Hadden*
                                             Maryam N. Hadden, Esquire
                                             *Pro Hac Vice*
                                             *Attorney for Defendant, Steven Stambaugh*