UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | 1:24-CR-275 |
| STEVEN STAMBAUGH, | : | (JUDGE MANNION) |
| Defendant | : | |

## O R D E R

Presently before the court is Defendant Stambaugh's pretrial motion requesting a dismissal of the indictment against him or, in the alternative, appropriate pretrial remedies due to alleged *Brady* violations. **(Doc. 41)**. Defendant faces multiple charges of fraud as well as witness tampering, with a trial date set for August 27, 2025. In his motion, Defendant claims that the Government's failure to disclose certain evidentiary material warrants relief under *Brady*. (*Id.*). The Government argues in their opposition brief that disclosure regarding the material mentioned in Defendant's motion need only be made prior to trial, and thus, Defendant's motion is unwarranted. (Doc 50). The court agrees.

In *Brady v Maryland*, 373 U.S. 83, 87 (1963), the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused" constitutes a violation of a defendant's due process rights "where

the evidence is material either to guilt or to punishment". Subsequently, the Supreme Court extended *Brady's* disclosure requirement to include evidence used to impeach the credibility of a "crucial prosecution witness". *Giglio v. United States*, 405 U.S. 150, 154 (1972). Thus, to establish a *Brady* violation, a defendant must show that "(1) evidence was suppressed; (2) the evidence was favorable to the defense; and (3) the evidence was material to guilt or punishment." *United States v. Risha*, 445 F.3d 298, 303 (3d. Cir. 2006).

Here, the alleged *Brady* violations relate to three categories of evidence which the Defendant intends to use to impeach the credibility of Employee No. 4, one of the Government's potential witnesses: 1) the employment file of Employee No. 4 from the York County Court Administration, 2) a record of the interview between a federal agent and Employee No. 4, and 3) communications between witness "A.K" and a federal agent. (Doc. 41 ¶ 4-5). The Government doesn't dispute their obligation to disclose all three of these materials, seemingly implying their intention to call Employee No. 4 as a witness in the upcoming trial. Instead, they contest Defendant's argument that they are obligated to disclose this material more than two months in advance of his trial. Thus, the issue

before us is one of timing, i.e., when the Government is required to disclose the requested material.

As the Government correctly points out, there is a procedural distinction between *Brady* material directly pertaining to the Defendant's guilt or innocence and *Brady* material used for impeachment purposes. As the Third Circuit in *Higgs* makes clear, impeachment material within the scope of *Brady* need not be disclosed until the day that the witness testifies. *United States v. Higgs*, 713 F.2d 39, 44 (3d. Cir. 1983). Moreover, if the material in question involves statements made by prospective witnesses, *Brady* no longer controls. Instead, these statements are governed by the Jencks Act, 18 U.S.C. § 3500, which prohibits discovery of the witness' statements until the witness has testified at trial.

Although Defendant doesn't explicitly characterize the requested material mentioned above as impeachment evidence, it appears clear from his argument that it is. Specifically, as it relates to the first category of evidence, Defendant argues the requested employment file "essentially eviscerates the testimony of Employee No. 4". (Doc. 41 ¶ 4). The third category of requested material, including emails and a phone call between witness "A.K" and a federal agent, allegedly contradicts one of Employee No. 4's claims. (*Id.*). And finally, the second category of Defendant's

requested material is an interview of Employee No. 4, where Defendant alleges that Employee No. 4 retracted claims that she made against him. (*Id.*). While all three categories of evidence clearly qualify as impeachment material, the second category regarding Employee No. 4's own statements also falls within the scope of Jencks.

Accordingly, there is no basis in Defendant's request for pretrial remedies, let alone a dismissal of the indictment. Nothing in Defendant's motion suggested that the Government committed a violation under *Brady*. The Government need only disclose the requested material in time for its effective use at trial in accordance with *Higgs* and the Jencks Act. As such, Defendant's motion **(Doc. 41)** is **DENIED**.

Malachy E. Mannion
United States District Judge

Dated: 7/1/25
24-275-04