UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | 1:24-CR-275 |
| STEVEN STAMBAUGH, : | (JUDGE MANNION) |
| Defendant : | |

### MEMORANDUM

On October 8, 2024, a grand jury returned a thirty-one-count indictment against Steven Stambaugh including, among other related charges, wire fraud and witness tampering. Subsequently, on October 23, 2024, Stambaugh pleaded not guilty to all charges. Jury selection and trial were set to commence on November 3, 2025. However, the court has been notified that the Government and Mr. Stambaugh have agreed to enter into a Pretrial Diversion Agreement (herein referred to as the "Agreement"), pursuant to which Mr. Stambaugh will participate in the Pretrial Diversion Program. The Government now seeks court approval. Although case law concerning judicial review of pretrial diversion is limited, the court has recognized several decisions from courts outside of the Third Circuit as well-reasoned and persuasive. Accordingly, for the reasons described below, the court will approve the Agreement.

1

## I. <u>Pretrial Diversion</u>

Pretrial Diversion is a Department of Justice ("DOJ") program that provides an alternative to prosecution for individuals facing federal criminal charges. Rather than pleading guilty, no contest, or going to trial, eligible offenders may be given the option to enter into a contractual agreement with the U.S. Attorney's Office, promising to fulfill certain conditions while abstaining from criminal activity for a designated period of time.

### A. The Prosecution's Absolute Discretion

Most notably, as a creation of the DOJ, "the decision to offer a defendant a pretrial diversion agreement in a given case rests squarely with the prosecutor." *United States v. Constantino*, 738 Fed. Appx. 556 (9th Cir. 2018). Consistent with the authority to bring or dismiss federal charges, deferring prosecution through a pretrial diversion agreement constitutes a criminal charging decision, and the Constitution grants exclusive authority over such decisions to the Executive Branch. *See* U.S. Const. art. II, §3; *see also U.S. v. Fokker Services*, 818 F.3d 733, 743 (D.C. Cir. 2020) (explaining that a deferred prosecution agreement "concerns the prosecution's core prerogative to dismiss criminal charges"); *United States v. Batchelder*, 442 U.S. 114, 124 (1979) (emphasizing the longstanding rule that, "whether to prosecute and what

charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion"). However, similar to a prosecutor's Rule 48(a) motion to dismiss charges, the government often seeks judicial approval of their decision to defer the prosecution of an individual who was initially indicted and placed on the court's docket.

## B. The District Court's Authority

In light of the high degree of prosecutorial discretion, the court's review over pretrial diversion is extremely limited. See *Constantino*, 738 Fed. Appx. at 557 (stating that "a district court has extremely limited authority to inject itself into a true pretrial diversion agreement"); see also *Fokker Services*, 818 F.3d at 741 (reiterating that judicial authority is at its most limited when reviewing the executive's exercise of discretion over charging determinations). Since pretrial diversion is not a judicial program, the scope of judicial authority remains somewhat unclear. Nonetheless, courts have recognized two potential sources of judicial authority in addressing deferred prosecution agreements: the Speedy Trial Act under 18 U.S.C. §3161(h)(2) and the courts' supervisory power. However, from both of these sources, judicial inquiry into pretrial diversion agreements is limited to matters concerning apparent illegality, unethical prosecutorial conduct, or violations of constitutional rights. See *United States v. HSBC*

3

*Bank USA, N.A.*, 2013 WL 3306161, at *7 (E.D.N.Y. July 1, 2013); *see also Fokker Services*, 818 F.3d at 747; *Constantino*, 738 Fed. Appx. at 557 (holding that the district court exceeded its authority by basing its rejection of a pretrial diversion agreement on reasons unrelated to perceived illegality, prosecutorial misconduct, or speedy trial concerns). The district court's authority to scrutinize a deferred prosecution agreement is thus akin to its authority in reviewing a prosecutor's Rule 48(a) motion to dismiss charges. *See Fokker Services*, 818 F.3d at 746 (explaining that a district court, similar to their review under Rule 48(a), has no authority to deny a deferred prosecution agreement on the grounds that the prosecution has been too lenient in its exercise of charging discretion). In other words, even if the court disagrees entirely with the government's decisions to bring charges, drop charges, or condition dismissal of charges on a pretrial diversion agreement, the court has an obligation to approve of the prosecution's charging decisions so long as the court finds the decision to be ethical, legal, and constitutional.

### C. Stambaugh's Agreement

The court has read the Agreement between the U.S. Attorney's Office and Mr. Stambaugh, as well as the extensive explanation that the Government and the Defendant have provided as to why pretrial diversion

4

is appropriate. After a thorough review, the court finds no evidence of illegality, unconstitutionality, or unethical conduct by the prosecution that could justify the rejection of the Agreement.

## II.  Conclusion

Upon consideration of the aforementioned factors, the court approves the Pretrial Diversion Agreement between the Government and Mr. Stambaugh. An appropriate order follows.

_____
MALACHY E. MANNION
United States District Judge

**DATE: October 28, 2025**
24-275-01